UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kathleen Whittaker,
      Claimant

      v.                                    Case No. 18-cv-379-SM
                                            Opinion No. 2019 DNH 055
Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration,
      Defendant

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Kathleen Whittaker, moves to reverse or vacate the Acting Commissioner's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423. The Acting Commissioner objects and moves for an order affirming her decision.

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920. See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003). Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability, March 20, 2015. Admin Rec. at 26. He next concluded that claimant suffers from the

following severe impairments: "depression and anxiety." Admin. Rec. at 26. The ALJ also considered claimant's diagnoses of hypertension and hypothyroidism, and the effects of claimant's obesity on her ability to engage in work-related activities, and determined that all were non-severe impairments. The ALJ then determined that claimant's impairments, whether considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1 of the regulations. Id. at 27-29.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the ability to perform and sustain attention and concentration for simple tasks (defined as 1 to 3 step tasks) and an ability to maintain effort for two hours blocks of time over the course of an eight hour workday and standard work week in a setting that would be permissive of some degree of self pacing and no fast-paced production requirements, as well as no immediate deadlines. In terms of social interactions, the claimant retains the ability to engage in brief superficial interaction with the general public (simply conversations such as "hello" and "how are you?" and answering basic questions, but not engaging in prolonged conversations or interacting for prolonged periods of time). Similarly, an ability to engage in typical interactions with coworkers and supervisors while completing simple tasks and an ability to maintain adequate personal grooming and hygiene. In terms of stress tolerance[,] the ability to sustain work in a stable work setting, adapt to minor changes in routine while benefiting from external psychosocial support. An ability to remain capable of independent goal oriented behavior and

2

>     maintain awareness of typical hazards and travel
>     independently.

Admin. Rec. at 29. In light of those restrictions, and based on the testimony of the vocational expert, the ALJ concluded that claimant was not capable of performing her past relevant work. Id. at 34.

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform. Relying on the testimony of the vocational expert and the Dictionary of Occupational Titles, the ALJ concluded that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. at 35. The ALJ then concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision.

## Discussion

Claimant challenges the ALJ's decision, asserting that the ALJ erred in: (i) failing to properly analyze the opinion evidence in the record; and (ii) assessing claimant's credibility. The court's independent review of the record suggests, however, that the ALJ failed to either adequately develop the record with respect to the mental health opinions of claimant's treating psychiatrist, or failed to adequately explain his reasons for discounting the psychiatrist's opinions.

3

While neither claimant nor the Acting Commissioner argues the point, remand may be required to permit the ALJ to consider the matter in the first instance. See Silva v. Colvin, CA 14-301S, 2015 WL 5023096, at 13 (D.R.I. Aug. 24, 2015) ("it is . . . clear that this Court may, and should, raise issues sua sponte when the review of the record suggests that justice requires it").

Included within the administrative record, but absent from the ALJ's discussion, are notes expressing medical opinions by claimant's treating psychiatrist, Dr. Isabel Norian, that appear to be directly relevant to claimant's functional capacity. Dr. Norian has been treating claimant for anxiety and depression since at least April, 2014. Claimant saw Dr. Norian at least monthly (except for a brief period when Dr. Norian was on maternity leave, during which period claimant saw another mental health provider). Dr. Norian's records, especially records dated after March, 2015, consistently note claimant's distress, depression and anxiety. See, e.g., Admin. Rec. at 315-316; 318-319; 406-407; 483-84; 486; 488-489; 493; 504-505, 507-508.

Dr. Norian opined on claimant's functional limitations on several occasions. Following a December 18, 2015, appointment with claimant, for example, Dr. Norian concluded that claimant: "[r]emains depressed and anxious. The anxiety and depression

4

are significantly interfering with her functioning. It is not conceivable that she could function meaningfully at a work place at this time." Admin. Rec. at 484. On January 8, 2016, Dr. Norian noted the following: Claimant "[p]resents as depressed and anxious. She continues to have difficulty functioning day-to-day. She is provided continued support around her inability to work at this time. She is encouraged to pursue a letter of appeal regarding her disability." Admin. Rec. at 486. On February 2, 2016, Dr. Norian wrote that claimant: "remains depressed and anxious with modest initial benefit reported after an increase in Abilify. She is engaging in services despite low motivation and difficulty functioning. It is this physician's opinion, based on in-clinic assessment, that she remains unable to perform work of any kind at this time. She is supported in her decision to appeal the disability determination." Admin. Rec. at 488-489. Finally, on October 25, 2016, Dr. Norian assessed that claimant "presents with continued depressive and anxiety symptoms that have impaired her functioning." Admin. Rec. at 508.

It is well settled that an ALJ need not directly address every piece of evidence in the administrative record. See <u>Lord v Apfel</u>, 114 F. Supp. 2d 3, 13 (D.N.H. 2000) (discussing cases). However, "an ALJ may not simply ignore relevant evidence, especially when that evidence supports a claimant's cause."

5

Dube v. Astrue, 781 F. Supp. 2d 27, 35 (D.N.H. 2011) (quoting Lord, 114 F. Supp. 2d at 13. "Moreover, a court must be able to determine whether the ALJ considered the contrary evidence and chose to discredit it, or whether it was 'simply ignored.'" Id. (quoting Lord, 114 F. Supp. 2d at 14). "For a reviewing court to be satisfied that an ALJ's decision was supported by substantial evidence, that decision must take into account whatever in the record fairly detracts from its weight." Dube, 781 F. Supp. 2d at 35 (quoting Lord, 114 F. Supp. 2d at 14).

It is simply not clear from the current record whether the ALJ considered the opinions of Dr. Norian concerning claimant's mental health condition(s) and related disabilities as they may affect her functional capacity, and, if those opinions were rejected, or given little weight, why? Or, if further development of the record in that regard was necessary, why the record was not fully developed. Because Dr. Norian's opinions are plainly inconsistent with the ALJ's decision, it was error for the ALJ not to at least "recognize the contradiction and state his reasons for deciding not to accept [them]," or to develop evidence related to her opinions. Dube, 781 F. Supp. 2d at 35. "While an ALJ, not the reviewing court, resolves conflicts in the evidence, an ALJ may not adopt one view of the evidence, 'without addressing the underlying conflict.'" Id. (quoting Nguyen v. Callahan, 997 F. Supp. 179, 182 (D. Mass.

6

1998). The ALJ does reference the notes in passing by citation, and the hearing transcript discloses that claimant's psychiatric condition was mentioned, again only in passing, but the decision does not address the treatment or opinion of Dr. Norian. While remand may well be in order, so that the ALJ may appropriately consider and address Dr. Norian's opinions, it seems odd that neither party mentions the issue. Perhaps there is a reason that is not obvious, but is, nevertheless dispositive.

**Conclusion**

The parties shall file supplemental legal memoranda on or before April 30, 2019, explaining why the case should not be remanded for further proceedings before the ALJ with respect to Dr. Norian's treatment notes and the medical opinions noted therein.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 2, 2019

cc: Karl E. Osterhout, Esq.
    Daniel W. McKenna, Esq.
    Luis A. Pere, Esq.