UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kathleen Whittaker,
    Claimant

    v.                                Case No. 18-cv-379-SM
                                      Opinion No. 2019 DNH 123
Andrew Saul, Commissioner,
Social Security Administration,
    Defendant

## **O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant, Kathleen Whittaker, moves to reverse or vacate the Commissioner's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423. The Commissioner objects and moves for an order affirming her decision.

On April 2, 2019, the court asked the parties to file supplemental legal memoranda, explaining why the case should not be remanded for further proceedings before the ALJ with respect to the treatment notes of claimant's treating psychiatrist, Dr. Isabel Norian, and the medical opinions noted therein. As set out in the court's April, 2019, order, an independent review of the record suggested that the ALJ either failed to adequately develop the record with respect to the mental health opinions of claimant's treating psychiatrist, or failed to adequately

explain his reasons for discounting the psychiatrist's opinions, or both. Neither claimant nor the Commissioner argued the point in their initial briefing, however, so the court requested supplemental briefing on the issue. Having reviewed the parties' supplemental briefing, it is apparent that remand is necessary.

A similar issue was addressed in <u>Bergeron v. Astrue</u>, No. CIV. 09-CV-070-SM, 2009 WL 3807156, at *5 (D.N.H. Nov. 10, 2009):

> [Social Security Ruling 96-5p, 1996 WL 374183, at *2 (S.A.A. July 2, 1996)][1] describes the Social Security Administration's policies for dealing with medical source opinions on issues reserved to the Commissioner, such as Dr. Ford's opinion that Bergeron was incapacitated. According to SSR 96-5p, "adjudicators must always carefully consider medical source opinions about any issue, including opinions on issues that are reserved to the Commissioner." 1996 WL 374183, at *2. After explaining that "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance, the Ruling continues, explaining:
>
>> [O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record

---

[1] SSR 96-5p was rescinded on March 27, 2017, but was in effect when the ALJ rendered his decision in this case on March 1, 2017. <u>See</u> Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15,263-01 (Mar. 27, 2017).

2

> to determine the extent to which the opinion is
> supported by the record.
>
> Id. at *3 (emphasis added). Finally, the Ruling directs
> that "[t]reating source opinions on issues reserved to the
> Commissioner will never be given controlling weight [but]
> the notice of the determination or decision must explain
> the consideration given to the treating source's
> opinion(s)." Id. at *6 (emphasis added).

See also Paquet v. Berryhill, No. 18-cv-205-JL, 2019 WL 1487585, at * (D.N.H. Apr. 4, 2019) ("While treating-source opinions on issues reserved to the Commissioner are 'never entitled to controlling weight or special significance,'  Social Security Ruling 96-5p, 1996 WL 374183, at *2 (S.A.A. July 2, 1996), such opinions 'must never be ignored,' id. at *3, and an ALJ 'must explain the consideration given to [such] opinion(s),' id. at *6).

As the court noted in its April, 2019, order, it is simply not clear from this record whether the ALJ considered the opinions of Dr. Norian regarding claimant's mental health condition(s) and related disabilities as they may affect her functional capacity.  See Dube v. Astrue, 781 F. Supp. 2d 27, 35 (D.N.H. 2011) ("a court must be able to determine whether the ALJ considered the contrary evidence and chose to discredit it, or whether it was 'simply ignored.'"  (quoting Lord v Apfel, 114 F. Supp. 2d 3, 14 (D.N.H. 2000)).  The parties' supplemental briefing fails to shed any light on the matter.  In any event, "it is not the task of the court (or for that matter, counsel

3

for the Commissioner) to articulate for the first time at the appeals stage 'good reasons' for rejecting a treating source's opinion." Bergeron, 2009 WL 3807156, at *5 (citation omitted).[2] Accordingly, the case is remanded so that the ALJ may appropriately consider the opinions of Dr. Norian, and, if they are rejected, to explain his reasons for doing so.

## Conclusion

For the foregoing reasons, and for those given in the court's earlier order, the claimant's motion to reverse and remand (document no. 7) is **GRANTED,** and the case is remanded to the Commissioner for further proceedings. The Commissioner's motion to affirm (document no. 8) is **DENIED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 6, 2019

cc: Karl E. Osterhout, Esq.
    Daniel W. McKenna, Esq.
    Luis A. Pere, Esq.

---

[2] As the court also noted in Bergeron, 2009 WL 3807156, at *5, n.2, in some circumstances, failure to explain the consideration given to a treating source's opinion on an issue reserved to the Commissioner can be a harmless error that does not require remand, but this is not that case. In Fletcher v. Astrue, Civil No. 08-150-B-W, 2009 WL 214579 (D. Me. Jan. 28, 2009), for example, the court ruled that the ALJ committed harmless error by failing to explain the consideration given to a treating physician's opinion. However, the doctor in that case saw the claimant only twice, unlike Dr. Norian, who saw Whittaker extensively over the course of several years.

4